UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| NIGEL M. REID, II, | ) |
|     Plaintiff, | ) 2:17-CV-00229-HSM |
| vs. | ) |
| HERRERA HARVESTING, LLC, | ) |
|     Defendant | ) |

**REPORT AND RECOMMENDATION**

This matter is before the United States Magistrate Judge under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation. Plaintiff has filed a Motion for Default Judgment [Doc. 58] requesting an entry of a judgment by default under Rule 55(b)(1) of the Federal Rules of Civil Procedure.

An entry of judgment by default by the Clerk under Rule 55(b)(1) may be entered upon plaintiff's request and an affidavit showing the amount due, "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Specifically, "the plaintiff's claim must be for a sum certain or a sum that can be made certain by computation." Rule 55(b)(1).

**I.     Procedural History**

Plaintiff filed a complaint against Defendant on December 19, 2017. [Doc. 2]. A summons was issued on June 28, 2019 and an alias summons as to Shelton & Sons Farms was issued on July 24, 2018. Both were returned executed on August 28, 2018 with a service date

of July 20, 2018 [Docs. 23 & 24]. Defendant filed an answer to the complaint on August 16, 2018 [Doc. 18]. A certificate of corporate interest was filed by Defendant on August 17, 2018. [Doc. 20]. Plaintiff's claims against Shelton & Sons Farms were dismissed with prejudice on March 27, 2019 [ Doc. 47]. On September 4, 2019, counsel for the remaining Defendant, Herrera Harvesting, LLC, filed a Motion to Withdraw as Counsel, which was granted on September 12, 2019 [Docs. 51 & 52]. Defendant was ordered to obtain substitute counsel and have new counsel enter an appearance on Defendant's behalf by October 18, 2019. [Doc. 52, p. 1].

Defendant failed to obtain new counsel as instructed, and an order was entered on October 30, 2019 directing Defendant to show cause why a default should not be entered against it in accordance with Fed. R. Civ. P. 55(a). [ Doc. 53]. Defendant did not respond, and on December 2, 2019 an Order was entered directing the Clerk to enter default against Defendant. [Doc. 56]. The Clerk's entry of default was also entered on December 2, 2019. [Doc. 57]. Plaintiff subsequently filed this motion for default judgment against Defendant on December 13, 2019. [Doc. 58]. Plaintiff requests an entry of judgment by default for $20,000,000.00 in damages plus interest and costs for bringing this action. Defendant has not made any filing in this case since its counsel filed the Motion to Withdraw referenced above, despite the Order and entry of default [Docs. 56 & 57] being mailed to Defendant's address. The Court notes that the mail was returned marked "undeliverable," [Doc. 60] and Defendant has failed to provide the Court with any other address.

## II. Analysis

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining a default judgment against a defendant who has failed to defend against a claim. Fed. R. Civ. P. 55; *Dish Network, LLC. v. Barnaby*, No. 3:15-CV-492, 2016 WL 6603202, at *2 (E.D. Tenn. Nov. 8, 2016). First, a plaintiff must request an entry of default from the Clerk of Court and describe the defendant's failure to plead or defend the claim. *Dish Network*, 2016 WL 6603202, at *2. Once the Clerk enters default, the plaintiff must then move the Court to enter a default judgment against the defendant. *Id.* "The determination of whether a motion for default judgment should be granted is committed to 'the sound discretion of the court.'" *Id.* (quoting *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55)).

Once default has been entered, the factual allegations in the complaint are taken as true. *Bogard v. Nat'l Credit Consultants*, No. 1:12-CV-02509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013). At the same time, if the allegations of fact in the complaint are contradictory on the face of the document, they are not to be taken as true. *Kelley v. Carr*, 567 F. Supp 831, 840 (W.D. Mich. 1983) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1885)).

For purposes of a default judgment, well-pleaded factual allegations will establish a defendant's liability. *Nat'l Satellite Sports, Inc. v. Mosley Entm't, Inc.*, No. 1:18-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008). Even so, the Court is charged with determining whether those facts alleged in the complaint are sufficient to state a claim for which relief can be granted. *Dish Network*, 2016 WL 6603202, at *2. A default judgment

cannot stand on a complaint that does not properly state a claim for which plaintiff is entitled to relief. *Vinton v. CG's Prep Kitchen & Café*, No. 1:09-CV-707, 2010 WL 748221, at *1 (W.D. Mich. Mar. 2, 2010). Additionally, even though the factual allegations in the complaint are taken as true, "the amount of damages must be proven." *Bogard*, 2013 WL 2209154, at *3.

## *General Statement of Claims*

Plaintiff moves for default judgment as to his claims under Title VII of the Civil Rights Act of 1964, the Fourteenth Amendment, and the Americans with Disabilities Act. In his complaint, Plaintiff alleges that he was discriminated and retaliated against because of his race, sex and disability [Doc. 2]. While Plaintiff does not set forth in the body of his complaint the nature of the work he performed for Defendant, he attached several exhibits to the Complaint, one of which, a letter from Defendant's former counsel to the Equal Employment Opportunity Commission[Doc. 2-7], provides a description of Plaintiff's job duties and assignments. During Plaintiff's employment, Defendant operated an "agricultural packing business that contracts with farmers to pack their produce for shipment to retailers." [Doc. 2-7, p. 2]. The business was seasonal, and employees were hired for the packing season in the particular location where they worked. *Id.* While Plaintiff alleges that Defendant fired him shortly after he was hired, he worked for Defendant in two seasons prior to working for Defendant in the 2016 season during which Plaintiff's claims are alleged to have occurred. *Id.* The packing season where Plaintiff worked ran from June to early October. *Id.* At the end of the season, all employees were laid off. *Id.* In fact, Plaintiff's work in the 2016 season ended when the work of all other employees ended, just as it had in the two prior seasons, because there was no further work to be done. [Doc. 2-7, p. 3]. This letter also categorically denies

Plaintiff's allegations of sexual harassment and discrimination, stating such allegations are "a complete fabrication without any basis in fact." *Id.*

*Plaintiff's Racial Discrimination Claim*

Plaintiff's only reference to race in the complaint is to state that he believes he was discriminated against because of his race. [Doc. 2-1, p. 2]. Plaintiff provides no facts to support this conclusory allegation. In addition, the Court would note that the letter from Defendant's counsel to an investigator with the Equal Employment Opportunity Commission referenced above undercuts Plaintiff's contention that he was discriminated against based upon his race [Doc. 2-7]. In that letter, Defendant's counsel states that over one-half of Defendant's workforce is comprised of African American employees, and Plaintiff does not provide any statements to the contrary in his complaint or other attachments thereto. *Id.* at p. 3. As Plaintiff alleged no specific facts in support of his claim of racial discrimination and given that a majority of Defendant's workforce is African American, Plaintiff has failed to demonstrate that he was the victim of racial discrimination.

*Plaintiff's Americans With Disabilities Act Claim*

Plaintiff has also alleged that Defendant violated the Americans with Disabilities Act with regard to Plaintiff's employment; however, while Plaintiff's complaint states that he disclosed his medical condition to his supervisor before he was hired, the complaint does not specify what medical condition he disclosed. [Doc. 2, p. 2]. The complaint does not allege that Plaintiff had difficulty performing any of his job duties due to a medical condition or disability, or that an accommodation was requested and denied. Plaintiff attached a Social Security Administration disability decision letter to his complaint stating Plaintiff became

disabled under sections 223(d)(2) and 1614(a)(3)(j) of the Social Security Act on April 3, 2014 and stating Plaintiff suffers from bipolar disorder and a mood disorder. [Doc. 2-15]. This letter references Plaintiff's employment with Defendant as a tomato picker during the summer of 2014 and states that "the record shows his employers worked with his disability, allowing the claimant to take frequent breaks and 'walk away' when he became angry, physically aggressive, and argumentative." [Doc. 2-15, p. 4]. These findings carry particular weight with the Court because they arise from a hearing held before an Administrative Law Judge where Plaintiff himself testified.

Assuming, as the Court is required to do here, that all facts alleged in the complaint and attached documents are true, the complaint does not properly state a claim of discrimination based upon disability for which Plaintiff is entitled to relief, as the documents Plaintiff attached to the complaint reflect that Defendant accommodated any disability from which Plaintiff suffered. Moreover, Plaintiff does not state in his Complaint that his medical condition was a basis for his termination, and Defendant's letter to the Equal Employment Opportunity Commission, which is unrefuted by Plaintiff, specifically demonstrates that Plaintiff's employment was terminated at the same time as all of his fellow workers because the work season had ended [Doc. 2-7, p.3].

### *Plaintiff's Sexual Harassment/Hostile Work Environment Claims under Title VII of the Civil Rights Act of 1964*

At first blush, the specific factual allegations Plaintiff makes regarding the sexual harassment/hostile work environment he claims to have endured while working for Defendant are very troubling. According to a portion of Plaintiff's complaint, the owner of the company for whom he worked made unwelcome sexual advances toward him, which is a very serious

matter; however, Plaintiff has also attached a number of other documents to his complaint upon which he relies that contradict these allegations. While this case is now before the Court after default has been entered against Defendant, and as a general rule the Court would accept all factual allegations as true, given the contradictory nature of the statements in the complaint and attachments upon which it relies regarding Plaintiff's sexual harassment claim, the Court must determine whether the complaint and attachments include sufficient uncontradicted facts to support the claim. *See Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1885)).

In order to successfully prosecute a claim based upon sexual harassment/hostile work environment, Plaintiff must be able to demonstrate that "(1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment occurred because of the plaintiff's protected status; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question but nonetheless failed to either take steps to prevent it or afford the plaintiff prompt remedial action." *Akosile v. Armed Forces Ret. Home*, 141 F. Supp. 3d 75, 96 (D.D.C. 2015) (citing *Baloch v. Norton*, 355 F. Supp2d 246, 259 (D.D.C.2005)).

While Plaintiff makes the bald assertion that his employment was terminated for discriminatory reasons, he admits that he was hired on June 30, 2016 as a stacker and that his employment did not terminate until October 7, 2016. [Doc. 2-1, p. 1]. The letter Defendant's former counsel sent to the Equal Employment Opportunity Commission after Plaintiff was terminated explains that Plaintiff's position was seasonal because the company's work was seasonal, a fact of which Plaintiff should have been aware due to the two seasons he worked

for Defendant previously. [Doc. 2-7, p.2-3]. The letter further notes that Plaintiff's employment was terminated at the same time as all other seasonal workers. *Id.* Nowhere in Plaintiff's filings does he dispute Defendant's contentions with any specific countervailing factual allegations. For instance, Plaintiff does not deny that his employment was seasonal or that the season had ended when he was terminated, nor does he dispute Defendant's statement that he was terminated at the same time as all other seasonal employees. Even if the Court takes as true Plaintiff's claim that he was sexually harassed by Defendant and/or that Defendant's actions created a hostile work environment, given Plaintiff's inability to demonstrate that he suffered any adverse employment action, he cannot successfully pursue a cause of action based upon Defendant's purported conduct.

### III. CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS**[1] that Plaintiff's Motion for Default Judgment [Doc. 58] be **DENIED** and that the complaint [Doc. 2] be **DISMISSED WITH PREJUDICE** because the allegations in the complaint fail to state any claim upon which relief can be granted to Plaintiff.

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).