UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| NIGEL M REID II, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 2:17-cv-229 |
| v. | ) | |
| | ) | Judge Mattice |
| HERRERA HARVESTING LLC, | ) | Magistrate Judge Wyrick |
| | ) | |
| *Defendant.* | ) | |

## ORDER

On February 28, 2020, United States Magistrate Judge Cynthia R. Wyrick submitted a Report and Recommendation [Doc. 65], pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the Referral Order of the undersigned District Judge [Doc. 59]. Magistrate Judge Wyrick recommends Plaintiff's Motion for Default Judgment [Doc. 58] be denied and the Complaint [Doc. 2] dismissed for failure to state a claim upon which relief may be granted. Plaintiff timely filed an Objection [Doc. 66] to the Report and Recommendation. The Court has carefully reviewed the Report and Recommendation, Plaintiff's objection, and the record, and will adopt in part Magistrate Judge Wyrick's recommendation. Because Plaintiff's Complaint states a claim for hostile work environment sexual harassment under Title VII, the Court declines to adopt the recommendation that this claim be dismissed. The Report and Recommendation [Doc. 65] will be **ADOPTED IN PART** and the Motion for Default Judgment [Doc. 58] be **GRANTED IN PART** and **DENIED IN PART**.

**II.     STANDARDS OF REVIEW**

In the absence of objection, the district court is not obligated to conduct a *de novo*

review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.* "If objection is not made, the district court 'may accept, reject, or modify, in whole or in part,' the findings and recommendations of the magistrate judge." *Taylor v. Lantagne*, 541 F. App'x 539, 542 (6th Cir. 2013) (citation omitted).

On a motion for default judgment, the Court accepts as true the well-pleaded allegations of the complaint and determines whether those allegations state a claim for relief. "Upon entry of default only those-well-pleaded allegations relating to liability are taken as true." *In re Family Resorts of America, Inc.*, 972 F.2d 347 (6th Cir. 1992); *Broadcast Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, *3 (E.D. Tenn. Nov. 12, 2009) ("In a motion for default judgment, 'the Court takes all well-pleaded facts related to liability in the complaint as true.'") (citation omitted). "This means that a claim, to be well-pleaded, must at least satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the basic federal pleading requirement that a complaint shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Utility Serv. Corp. of Huntsville v. Ground Support, LLC*, No. 3:18-cv-00460, 2019 WL 4736933, *1 (M.D. Tenn. Sept. 27, 2019) (internal punctuation omitted). "[W]here the alleged facts are sufficient to establish liability but 'the adversary process has been halted

because of an essentially unresponsive party,' default judgment is available to protect the 'diligent' moving party." *Broadcast Music, Inc.*, 2009 WL 3785878 at * 3 (*quoting Reyes v. Seaton Enters., LLC,* No. 1:07-cv-196, 2008 WL 400452, *2 (E.D. Tenn. Feb. 12, 2008)).

### III. FACTUAL ALLEGATIONS

Plaintiff alleges he was hired by Defendant Herrera Harvesting, LLC, on June 30, 2016, to work as a "stacker" at Shelton & Sons Farms. [Doc. 2-1 at 1]. Plaintiff's pleadings are difficult to follow, but he makes the following allegations in the Complaint and "Statement of Claim" attached thereto:

- Plaintiff was hired by Herrera Harvesting on June 30, 2016. [Doc. 2-1 at 1]. Herrera Harvesting employs more than 15 employees. [*Id.*].
- Plaintiff disclosed a medical condition to his supervisor before he was hired. [*Id.*].
- A short time later, owner Fernando Herrera began sexually harassing Plaintiff and touching him inappropriately. [*Id.*].
- Mr. Herrera and another manager propositioned Plaintiff for sex. [*Id.*].
- Plaintiff was discharged on October 7, 2016. [*Id.*].

Plaintiff attaches numerous other documents to the Complaint, many of which are related to his EEOC charge.[1] Plaintiff also includes a paycheck made out to him from Herrera Harvesting, LLC, and an EEOC Notice of Suit Rights, issued November 30, 2017. [Docs. 2-8 & 2-10].

---

[1] In his submissions to the EEOC, Plaintiff claimed that Mr. Herrera paid for prostitutes to come to the job site and paid employees differently depending on whether they agreed to sexual favors. [Docs. 2-2 & 2-4]. He does not repeat these allegations in his Complaint or Statement of Claim, and they do not change the outcome of the Motion for Default Judgment.

3

Plaintiff also submits what purports to be a transcription of a text message conversation he had with his supervisor Fernando Herrera on September 17, 2016. [Doc. 2-3].[2] In the conversation, Plaintiff complained to Mr. Herrera about the "gay talk" directed towards him at work. [*Id.*]. He says: "no more gay talk we done talk about this after I stop you and from tapping me on my ass and by say gay stuff to me." [*Id.*]. In the text, Plaintiff also reports that someone at the worksite showed him male prostitutes on his cell phone and commented that he would "look better than them if I'm dressed up." [*Id.*]. He says all the talk is making him so uncomfortable that he does not want to come to work at all. [*Id.*]. The response from Herrera says "Ok no more" and "I'll stop that crap." [*Id.*].

Also attached to Plaintiff's Complaint is a May 5, 2017 letter from counsel for Herrera Harvesting, LLC, to the Equal Employment Opportunity Commission denying Plaintiff's claims. [Doc. 2-7]. The letter purports to be Herrera Harvesting's statement of position regarding Plaintiff's EEOC charge, provided at the request of the EEOC. [*Id.*]. It provides information about Plaintiff's employment, denies any wrongdoing, and makes other factual contentions and legal arguments relative to Plaintiff's claims. [*Id.*]. Specifically, the letter says that Plaintiff worked for Herrera Harvesting in a seasonal capacity from June to early October 2016. [*Id.* at 2]. According to Defendant, employees are not guaranteed a job from season to season and all employees are laid off at the end of the season. [*Id.*]. The letter is not supported by affidavit or declaration.

## IV. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on December 19, 2017, and Defendant answered on

---

[2] In response to the Motion to Dismiss [Doc. 25] filed by Shelton & Sons Farms, Plaintiff filed photographs of his phone depicting some of these messages. [Doc. 46-1].

August 16, 2018. [Doc. 18].³ On September 4, 2019, counsel for Defendant filed a Motion to Withdraw [Doc. 51], which the Court granted on September 12, 2019 [Doc. 52]. As a limited liability corporation, Defendant cannot legally represent itself in federal court. Accordingly, Defendant was ordered to have a new attorney enter an appearance on its behalf on or before October 18, 2019. [Doc. 52 at 1]. No attorney appeared as required. The Court then ordered Defendant to show cause why default should not be entered against it for failure to plead or otherwise defend in this action. [Doc. 53]. The Order gave Defendant a November 19, 2019 response deadline, but Defendant did not respond. On December 2, 2019, the Court directed the Clerk of Court to enter a default against Defendant. [Doc. 56].

On December 13, 2019, Plaintiff moved for a default judgment. [Doc. 58]. On December 16, 2019, the undersigned referred the Motion for Default Judgment to Magistrate Judge Wyrick for report and recommendation. [Doc. 59]. The Court's Order directing entry of default and the Clerk's Entry of Default were returned undeliverable to Herrera Harvesting on December 27, 2019, and January 2, 2020, respectively. [Docs. 60 & 61].

On February 28, 2020, Magistrate Judge Wyrick submitted her Report and Recommendation. The Magistrate Judge found that Plaintiff's Complaint failed to state a claim upon which relief could be granted, precluding entry of default judgment in his favor. Plaintiff timely filed an objection to the Report and Recommendation. Plaintiff's

---

³ Plaintiff attempted to amend his Complaint numerous times. One such Motion to Amend [Doc. 14], was granted on February 21, 2019. [Doc. 42]. Plaintiff did not file the proposed amended complaint after his motion was granted. His amended pleadings were nearly identical to his original Complaint, but the name of the Defendant is changed from Herrera Harvesting, LLC, to Herrera Harvesting, Inc. In its Answer, Defendant refers to itself as Herrera Harvesting, LLC.

5

response discusses the relevant standards of review and urges he has stated a claim, but fails to identify any specific errors in the Magistrate Judge's analysis.

## VI. ANALYSIS

Construed liberally in light of his *pro se* status, the Complaint asserts three separate claims: (1) discrimination on the basis of disability, in violation of the Americans with Disabilities Act; (2) discrimination on the basis of race, in violation of Title VII of the Civil Rights Act; and (3) discrimination on the basis of sex / hostile work environment discrimination, also in violation of Title VII. Plaintiff's factual allegations are deemed admitted by Defendant's default. The Court must therefore determine whether these allegations are sufficient to establish liability, and if so, whether default judgment is proper.

### A. Discrimination on the Basis of Race

Plaintiff says he believes he was discriminated against because of his race. [Doc. 2-1 at 2]. To state a claim for discrimination, Plaintiff must show (1) he is a member of a protected group, (2) he suffered an adverse employment action, (3) he was qualified for the position, and (4) he was replaced by a person outside of the protected class or was treated differently from similarly situated members of the unprotected class. *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007).

The Magistrate Judge found that Plaintiff provided no facts to support his conclusory assertion that he was discriminated against on the basis of his race. [Doc. 65 at 5]. Plaintiff's objection does not specifically address this conclusion. The Court agrees that Plaintiff has not stated a claim for racial discrimination. The Court will therefore **ACCEPT** and **ADOPT** the Magistrate Judge's recommendation that Plaintiff's racial discrimination claim be dismissed.

## B. Americans with Disabilities Act

Plaintiff also contends he was discriminated against on the basis of a disability. To state a claim for employment discrimination under the ADA, a plaintiff must show (1) that he is disabled, (2) that he is otherwise qualified for the position, with or without reasonable accommodation, (3) that he suffered an adverse employment decision, (4) that the employer knew or had reason to know of the plaintiff's disability, and (5) that the position remained opened while the employer sought other applicants or the disabled individual was replaced. *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011).

Plaintiff's allegations scarcely amount to the "formulaic recitation of a cause of action's elements" that the Supreme Court of the United States has found patently insufficient to state a claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). He alleges he was disabled, his employer was aware of his disability, and he was terminated. [Doc. 2-1]. He does not allege he was qualified for the position or that the position remained opened after his employment was terminated. He does not provide any facts to support his belief that he was discriminated against on the basis of disability. Plaintiff's allegations are wholly conclusory and he has not pled essential elements of his claim. Accordingly, the Court will **ACCEPT** and **ADOPT** the Magistrate Judge's recommendation that Plaintiff's ADA claim be dismissed.

## C. Hostile Work Environment/ Sexual Harassment Claim

Plaintiff also claims he was discriminated against on the basis of his sex. He alleges he was the victim of unwanted sexual comments and contact in the course of his employment and that he was propositioned for sex. In other words, he contends he was subjected to a hostile work environment. To establish a *prima facie* hostile work environment claim, a plaintiff must show that:

> (1) he or she was a member of a protected class; (2) he or she was subjected to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the charged sexual harassment created a hostile work environment; and (5) the employer is liable.

*Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 307 (6th Cir. 2016).

The Report and Recommendation acknowledges the seriousness of Plaintiff's allegations, but finds they are contradicted by the documents attached to the Complaint. [Doc. 65 at 6-7]. The Report points to Defendant's letter to the EEOC, in which Defendant's lawyer contends Plaintiff's employment was seasonal and he was terminated at the same time as everyone else on the job. [*Id.* at 6; Doc. 2-7 at 2-3]. The Report observes that Plaintiff failed to refute this contention when he filed this lawsuit. [Doc. 65 at 8]. Thus, the Magistrate Judge concludes: "Even if the Court takes as true Plaintiff's claim that he was sexually harassed by Defendant and/or that Defendant's actions created a hostile work environment, given Plaintiff's inability to demonstrate that he suffered any adverse employment action, he cannot successfully pursue a cause of action based upon Defendant's purported conduct." [*Id.*].

The Court respectfully disagrees. First, the standard of review requires the Court to credit Plaintiff's allegations, not Defendant's. After the entry of default, Defendant is deemed to admit Plaintiff's well-pleaded allegations, and the Court treats them as true. The Court's task at this stage is not to weigh the evidence or examine the full evidentiary record, but simply to determine whether Plaintiff has stated a claim. Treating Defendant's statements to the EEOC as if they were fact is incompatible with the scope and standard of review. Plaintiff's *pro se* status further obligates the Court to construe his pleadings liberally. It is apparent he intended to file much of the administrative record relating to his claim, including the statement of position sent by Defendant's attorneys to the EEOC.

8

The statements in these documents cannot be fairly attributed to Plaintiff or construed as supplemental allegations simply because he filed them as exhibits to the Complaint. Plaintiff unquestionably disputes the contents of Defendant's letter, as he challenged the EEOC's resolution and filed this lawsuit. Accordingly, the Court will not accept the Magistrate Judge's findings of fact to the extent they are derived from statements and documents outside of Plaintiff's pleadings. *See Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman,* 969 F. Supp. 2d 278, 289 (E.D.N.Y. 2013) (declining to adopt report and recommendation that "relied heavily on evidence extrinsic to" the complaint).

More significantly, a hostile work environment claim does not require a plaintiff to demonstrate that he suffered an adverse employment action. "Under Title VII, two types of actions may be brought: (1) discrete discriminatory acts, and (2) claims alleging a hostile work environment." *Curry v. SBC Comm'ns, Inc.*, 669 F. Supp. 2d 805, 832 (E.D. Mich. 2009) (*quoting Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993-94 (6th Cir. 2009)); *Simoudis v. Ford Motor Co.*, 29 F. App'x 314, 317 (6th Cir. 2002) ("Because plaintiff claimed no tangible employment action as a result of the alleged harassment, he must establish that he was subject to severe or pervasive harassment for the hostile work environment claim to be actionable."). The conclusion that Plaintiff cannot state a hostile work environment claim because he was not terminated is thus incorrect as a matter of law.

Plaintiff's Complaint pleads all elements of a hostile work environment claim. He alleges Mr. Herrera "tapped" his rear end and that Mr. Herrera and another unidentified manager propositioned him for sex. [Doc. 2-1]. Another person on the jobsite showed him photos of male prostitutes and told him he would look better than them if he dressed up.

9

[Doc. 2-3]. He was subject to so many comments about his sexuality that he told his boss he did not even want to come to work. [*Id.*]. He alleges the harassment began shortly after he was hired on June 30, 2016, and it appears to have continued at least until he confronted Mr. Herrera in September 2016. [Doc. 2-1; Doc. 2-3]. Plaintiff says he complained to Mr. Herrera, demanding he stop his own advances and make others stop as well. [Doc. 2-3]. Mr. Herrera replied not by denying the conduct, but by agreeing to stop. [*Id.*].

The harassment Plaintiff recounts is sufficiently severe and pervasive to establish the existence of a hostile work environment. The misconduct alleged includes physical contact of a sexual nature, lewd comments, and direct sexual suggestion. *See Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 334 (6th Cir. 2008) (harassment that involves unwelcome touching and physical contact is more severe than harassing comments alone). Taken together, Plaintiff's allegations depict a workplace "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris*, 510 U.S. at 21.

The Complaint also establishes that the harassment was unwelcome and based on Plaintiff's sex. In the context of same-sex harassment, a plaintiff may establish an inference of discrimination by, *inter alia*, showing the harasser was making sexual advances towards him. *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d at 307-308. This is precisely what Plaintiff describes. Plaintiff also complained directly to his supervisor about the harassment he was experiencing, demonstrating it was unwelcome. [Doc. 2-3].

For the same reason, the Complaint alleges employer liability. Where the harasser is a coworker, a plaintiff must show that the employer "knew or should have known of the

10

charged sexual harassment and failed to implement prompt and appropriate corrective action." *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 348 (6th Cir. 2005). However, when the harasser is a supervisor with immediate or successive authority over the employee, the company is "automatically liable for the alleged hostile work environment" created by the supervisor. *Id.* Here, Fernando Herrera was the owner of the company, and appears to have been Plaintiff's manager or supervisor. [Doc. 2 at 2]. Accordingly, Plaintiff has stated a claim for hostile work environment sexual harassment and the Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation that this claim be dismissed.

### D. Default Judgment

Having found that the Complaint states a hostile work environment claim under Title VII, the Court next considers whether default judgment is appropriate. Unless a claim is for a sum certain, a motion for default judgment must be evaluated by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* Fed. R. Civ. P. 55(b)(1) (providing for entry of default by the Clerk only where claim is for a sum certain and other requirements are met). The Rule requires seven days' notice of a hearing before default judgment may be entered against a party who has appeared. Fed. R. Civ. P. 55(b)(2). However, the court is not required to conduct a hearing; it may do so in order to, *inter alia*, determine the amount of damages or establish the truth of any allegation by evidence. *Id.*; *see also Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) ("This provision, by its terms, allows but does not require the district court to conduct an evidentiary hearing."). Prior to seeking a default judgment, the moving party must obtain the clerk's entry of default. Fed. R. Civ. P. 55(a); *Shephard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (clerk's entry of default is "the first

11

procedural step on the road to obtaining a default judgment").

The record reflects that the Clerk has entered a default against Herrera Harvesting. [Doc. 57]. The Clerk's records indicate the entry of default, Plaintiff's Motion for Default Judgment, and the Report and Recommendation were sent to Herrera Harvesting, LLC's last known address. Defendant has therefore received notice that Plaintiff seeks entry of a default judgment against it, and has not filed anything in this action since its attorney withdrew in September 2019. Because Defendant is a corporate entity, it is clearly not a minor, incompetent person, or subject to the Soldiers and Sailors Relief Act of 1940, so no affidavit to this effect is required. *See* Fed. R. Civ. P. 55(b)(2). The requirements of the rule are satisfied, and Plaintiff is entitled to default judgment.

### E. Damages

It remains for Plaintiff to prove his damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (citation omitted) ("Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved."). Plaintiff seeks the exorbitant sum of $20 million but provides no evidence of the damages he has purportedly suffered.

Accordingly, Plaintiff will be required to submit evidence detailing his damages, if any. This evidence may include sworn affidavits or declarations, medical records, calculation of lost wages, if any, and similar materials. Unsworn statements and general allegations of injury will not suffice to establish damages in any amount. The Court will not consider any additional accusations against Herrera Harvesting, LLC, or Mr. Herrera individually. Plaintiff will limit his proof to the damages he contends were specifically caused by the hostile work environment he experienced as a result of his 2016 employment with Herrera Harvesting, LLC. If Plaintiff fails to timely respond or presents

12

Case 2:17-cv-00229-HSM-CRW   Document 71   Filed 05/13/20   Page 12 of 13   PageID #: 563

inadequate proof of his damages, judgment will be entered in his favor in the amount of $1.

V.    **CONCLUSION**

For the reasons set forth herein, the Court **ACCEPTS IN PART** and **ADOPTS IN PART** the Report and Recommendation [Doc. 65].

Plaintiff's Motion for Default Judgment [Doc. 58] is **DENIED IN PART** and his claims for discrimination on the basis of race and disability are **DISMISSED**.

Plaintiff's Motion for Default Judgment [Doc. 58] is **GRANTED IN PART** and Herrera Harvesting, LLC, is adjudged liable to Plaintiff for hostile work environment sexual harassment in violation of Title VII of the Civil Rights Act.

Plaintiff is **ORDERED** to submit evidence of his damages as set forth above **ON OR BEFORE JUNE 1, 2020.** Plaintiff is put **ON NOTICE** that submission of untimely, incomplete, or irrelevant evidence will result in a nominal award in his favor.

**SO ORDERED** this 13th day of May, 2020.

      */s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE